# EXHIBIT 1



IN THE CIRCUIT COURT OF HENRY COUNTY, TENNESSEE
AT PARIS

ROBERT HAGEN and wife,
DALE HAGEN

      Plaintiffs,

vs.

U-HAUL CO. OF TENNESSEE;
KEITH O'BRIEN, INDIVIDUALLY, AND
D/B/A, WEST TENNESSEE MOVING
COMPANY; RONALD MATHISON,
INDIVIDUALLY, AND D/B/A, GOLDEN
EAGLE TRANSPORTATION; U-HAUL
INTERNATIONAL, INC.; U-HAUL CO. OF
ARIZONA; and GENERAL MOTORS
CORPORATION,

      Defendants.

Civil Action No: **3100**
Jury Demanded

PLEASE SERVE DEFENDANT:
**U-HAUL CO. OF TENNESSEE**
**thru its registered agent:**
**C T Corporation System**
**800 S. Gay Street, Suite 2021**
**Knoxville, TN 37929**

Address

FILED 6-7-08 AT 3:30 P.M.
RONDALL MYERS, CLERK
BY: Sandra Myers, D.C.

To the above named defendant(s):   You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon Lisa June Cox, who is plaintiffs' Attorney, whose address is 1626 Hollywood Drive, Jackson, TN 38305, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this _____9th_____ day of _____June_____, 2008.

Rondall Myers, Clerk
By: Sandra Myers, D.C.
    Deputy Clerk

---

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20___, I served this summons together with a copy of the complaint herein as follows:

_____
_____
_____

IF YOU HAVE A
DISABILITY AND REQUIRE
ASSISTANCE, PLEASE CONTACT
731-642-4234

_____
Sheriff

_____
Deputy Sheriff



IN THE CIRCUIT COURT OF HENRY COUNTY, TENNESSEE
AT PARIS

ROBERT HAGEN and wife,
DALE HAGEN,

Plaintiffs,

vs.                                         Civil Action No: __3100__
                                            Jury Demanded

U-HAUL CO. OF TENNESSEE;
KEITH O'BRIEN, INDIVIDUALLY, AND
D/B/A, WEST TENNESSEE MOVING COMPANY;
RONALD MATHISON, INDIVIDUALLY, AND
D/B/A, GOLDEN EAGLE TRANSPORTATION;
U-HAUL INTERNATIONAL, INC.;
U-HAUL CO. OF ARIZONA; and
GENERAL MOTORS CORPORATION,

Defendants.

## COMPLAINT

The Plaintiffs, Robert Hagen and Dale Hagen, bring this civil action against the named Defendants for the purpose of recovering damages, compensatory and punitive, in the total sum of not more than $8,070,000.00, for the injuries and damages to Robert Hagen and Dale Hagen, and for Plaintiffs' cause of action, state to the Court as follows:

### JURISDICTION AND VENUE

1. The Plaintiffs are citizens and residents of Henry County, Tennessee.

2. The Defendant, U-HAUL CO. OF TENNESSEE, is a corporation qualified to do, and at all times doing, business in Tennessee.

3. The Defendant, U-HAUL INTERNATIONAL, INC, is a foreign corporation qualified to do, and at all relevant times doing, business in Tennessee.

4. The Defendant, KEITH O'BRIEN, INDIVIDUALLY, AND D/B/A, WEST TENNESSEE MOVING COMPANY, is an individual residing in Paris, Henry County, Tennessee, and is doing business as West Tennessee Moving Company in Paris, Henry County, Tennessee.

5. The Defendant, RONALD MATHISON, INDIVIDUALLY, AND D/B/A, GOLDEN EAGLE TRANSPORTATION, is an individual residing in Minnesota, and is doing business as, Golden Eagle Transportation, in Bemidji, Minnesota, and in Tennessee.

6. The Defendant, U-HAUL CO. OF ARIZONA, is a foreign corporation qualified to do, and at all relevant times doing, business in Tennessee.

7. The Defendant, GENERAL MOTORS CORPORATION, is a foreign corporation qualified to do, and at all relevant times doing, business in Tennessee.

8. The Plaintiffs' cause of action against the Defendants arise under the laws of Tennessee for personal injuries and damages as a result of exposure to noxious fumes, including carbon monoxide, while operating a 2006 White GMC 26' Super Mover, model C5C042 (which may hereinafter be referred to as the "GMC truck"), bearing an Arizona license plate, on a moving trip from Clearbrook, Minnesota to Springville, TN, which occurred from June 11, 2007 to June 16, 2007.

9. The Defendants are subject to the jurisdiction of this Court, and may be hereinafter referred to individually by their names or as "Defendants," and further, the Defendant, General Motors Corporation, may be referred to specifically as the "Manufacturing Defendant," or as "GMC," and the remainder of the defendants may be referred to as the "Rental Defendants."

## FACTS

10. On or about June 11, 2007, the Plaintiff, Robert Hagen rented the aforedescribed GMC truck from the Rental Defendants.

11. The GMC truck was manufactured, designed, distributed, and placed in the channels of commerce by the General Motors Corporation.

12. The Rental Defendants are engaged in the business of renting, marketing, maintaining and repairing trucks such as the GMC truck which is the subject of this action.

## CAUSES OF ACTION

13. It was foreseeable to and well-known by Defendants that incidents involving their vehicles, such as occurred herein, would, on occasion, take place during the normal and ordinary use of said vehicle.

14. The injury occurred because the vehicle in question was not reasonably safe and was not reasonably fit for its intended purpose, and was, therefore, unreasonably dangerous in its normal operation.

15. The subject GMC truck was in a defective condition when it left the possession and control of General Motors Corporation, and the vehicle was in defective condition on the date and time of the incident giving rise to this lawsuit, without substantial change having been made to the condition in which it was manufactured and sold.

16. GMC designed, manufactured, marketed, assembled and tested said vehicle in question, by virtue of which the GMC truck was unreasonably dangerous and defective, in that the vehicle was unreasonably dangerous as designed, manufactured,

assembled, marketed and tested because GMC was aware of the existence of a circumstance and condition by which the subject vehicle could cause carbon monoxide and noxious substances to be released into the passenger cab; and further, that the vehicle was defective, dangerous and prone to injure its occupants.

17. GMC is further strictly liable in that it failed to advise, warn or instruct owners and users of the vehicle in question of the dangers and possibilities of serious injury should carbon monoxide and noxious substances come into the passenger cab during occupation by a driver or passenger.

18. The GMC truck was designed, manufactured and/or assembled and placed in the channels of commerce, and was, at the time of the subject incident, defective and unreasonably dangerous within the meaning of the Tennessee Products Liability Act Tenn. Code Ann. Section 29-28-101, et seq., and the Restatement of Torts, Section 402B, for multiple reasons, including ,among others, the following:

   a.   the exhaust system and vehicle housing assembly were inadequate, improperly designed, unsafe and unstable;

   b.   there were parts missing, and/or improperly installed or attached to the said vehicle, its exhaust system, its interior, its housings, its insulation, its engine well, and other structures and systems of the vehicle;

   c.   the GMC truck was not safe to operate;

   d.   there was no appropriate shielding of the passenger compartment from exhaust fumes; and

   e.   the design of the truck made it unsafe for its reasonably anticipated use and handling.

19. General Motors Corporation was the manufacturer and distributor of the GMC truck and expressly and impliedly warranted that the GMC truck was fit for the ordinary purposes for which it was sold and for which it was being used by the Plaintiff. General Motors Corporation also breached the warranty of merchantability.

20. Further, Defendants negligently tested and GMC negligently designed the vehicle in question.

21. The foregoing acts and omissions of Defendants were a producing and proximate cause of the Plaintiff's damages.

22. General Motors Corporation is strictly liable in tort for the injuries and damages sustained by Plaintiffs.

23. The Rental Defendants are also liable for the injuries and damages to the Plaintiffs for the following reasons:

   a. they failed to warn of any defect or dangerous condition when they performed inspection, repair and maintenance work on the truck, before and after the subject rental period;

   b. they failed to use reasonable, ordinary and due care under the circumstances;

   c. they negligently performed repair work on the vehicle;

   d. they breached specific representations of its warranty.

   e. they negligently rented, distributed, marketed and promoted the subject truck and others like it, when they knew or should have known of the trucks' defective and unreasonably dangerous condition;

   f. they failed to warn of any defect or dangerous condition;

    h. they failed to use due care under the circumstances; and

    i. they negligently performed repair work on the GMC truck.

### OTHER COUNTS RELATIVE TO DEFENDANTS

24. The Defendants misrepresented to users, purchasers and renters of the subject model GMC truck, including the one involved in this cause of action, facts regarding the safety of the subject model truck, knowing their misrepresentations to be false, with the intent that these individuals and entities rely on those representations, which they did.

25. To the extent that the Defendants were not aware of the falsity of their statements, as set out in the previous paragraph, they made such statements and representations in negligent disregard of reports of the dangerous design, injury potential, and the grave risks associated with the use of their GMC trucks of this model and the subject truck.

26. To the extent that the Defendants were not aware of the falsity of their statements, as set out in the previous paragraphs, they made such statements and representations innocently, but negligently, and misrepresented the safety of the subject truck and those of its model.

### RECKLESS AND WANTON MISCONDUCT

27. The Defendants herein had the duty to refrain from conduct which was reckless, wanton and/or intentional, and which posed a serious likelihood of grave injury.

28. At the time of the design, manufacture, distribution, marketing, and sale of the GMC truck, the Manufacturing Defendant knew that serious bodily injury or death

was likely to result from the design and operation their subject model trucks, and the subject truck, if adequate warnings and instructions were not provided.

29. The Manufacturing Defendant was aware of other instances of renters of GMC U-Haul trucks alleging the permeation of carbon monoxide into the passenger cabin.

30. At the time of the rental, distribution, marketing and promotion of the subject truck for rental, the Rental Defendants knew that serious bodily injury or death was likely to result from the design and operation their subject model trucks, and/or the subject truck, if adequate warnings and instructions were not provided.

31. The Rental Defendants were aware of other instances of renters of GMC U-Haul trucks alleging the permeation of carbon monoxide into the passenger cabin.

32. Following the manufacture, distribution, marketing and sale of the GMC truck, the Defendants also learned that serious bodily injury could occur from the use of the subject GMC truck model if they failed to recall and modify them, or at the very least, adequately warn and instruct their users and purchasers.

33. In conscious disregard for the safety of people using and operating the subject model trucks, the Defendants failed to follow an appropriate and reasonable course of action, although they had the ability to warn, instruct, recall or modify the GMC truck.

## OTHER FACTS UPON WHICH CLAIMS AGAINST THE DEFENDANTS ARE BASED

34. The Defendants knew or should have known the following:

   a. That the subject model truck, when operated, carried the risk of

serious injury, including carbon monoxide or noxious fumes exposure and injuries to occupants of the passenger cabin; and

b. That there had been inadequate studies regarding the safety and of the subject model GMC truck regarding the release of carbon monoxide or noxious fumes into the truck cab.

35. The Defendants negligently failed to carefully review information giving rise to the need for investigations to be conducted to determine the potential for injury from the subject model trucks.

## CORPORATE LIABILITY AND CONSPIRACY

36. As a result of their participation in negligent supervision of and actual supervision of various joint ventures, joint enterprises, and/or parent/subsidiary relationships, all Defendants, among themselves, are liable to the Plaintiffs for their injuries and are guilty of having conspired among themselves to promote the dangerous GMC truck.

## PROXIMATE CAUSE

37. As a proximate cause of the Defendants' negligence, breaches of warranty, and the defective, unreasonably dangerous condition of the GMC truck, the Plaintiffs were caused to suffer the injuries and damages as set forth below.

## INJURIES AND DAMAGES

38. The Plaintiff, Robert Hagen, sustained the following damages for which they sue the defendants:

a. Permanent bodily injuries;

b. Pain, both past and future;

    c. Suffering, both past and future;

    d. Decreased capacity for enjoyment of the normal pleasures of life;

    e. Lost wages;

    f. Loss of earning capacity;

    g. The costs of this cause and interest as allowed by law; and

    h. Other damages as appropriate according to the law.

39. Dale Hagen, spouse of Robert Hagen, sustained the following damages for which she sues the Defendants:

    a. Medical expenses incurred for the treatment of her spouse;

    b. Diminished assistance, companionship and society from her husband;

    c. The costs of this cause and interest as allowed by law; and

    d. Other damages as appropriate according to the law.

## **PUNITIVE RELIEF SOUGHT**

40. The Manufacturing Defendant designed, manufactured, assembled, marketed, repaired and /or sold the GMC truck and placed it in the stream of commerce and in the marketplace with reckless disregard for the natural and probable consequences of its above-described defective condition. In so doing, the Manufacturing Defendant was willful and wanton and, as a result of said wantonness the injuries and damages complained of herein occurred, and therefore the Plaintiffs sue the Defendant for punitive damages, in an amount not to exceed $3,000,000.00.

41. The Rental Defendants engaged in the rental, distribution, marketing and promotion of the subject truck for rental with reckless disregard for the natural and probable consequences of its above-described defective condition. In so doing, the

Manufacturing Defendant was willful and wanton and, as a result of said wantonness the injuries and damages complained of herein occurred, and therefore the Plaintiffs sue the Defendant for punitive damages, in an amount not to exceed $3,000,000.00.

## COMPENSATORY RELIEF SOUGHT

Plaintiff, Robert Hagen, sues the Defendants for compensatory damages in an amount not to exceed $2,000,000.00. Dale Hagen, sues the Defendants in an amount not to exceed $70,000.00.

## JURY TRIAL

The Plaintiffs request a trial by jury.

Respectfully Submitted,

*[signature]*

Lisa June Cox, BPR #010757
Law Offices of Lisa Cox
64 Lynoak Cove
Jackson, TN 38305
(901) 664-9550


## COST BOND

I hereby certify myself as surety in the above matter not to exceed $1,000.00.

*[signature]*

LISA JUNE COX