IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ROBERT HAGEN and wife,
DALE HAGEN,

Plaintiffs,

v.

U-HAUL CO. OF TENNESSEE; KEITH O'BRIEN, INDIVIDUALLY, AND D/B/A WEST TENNESSEE MOVING COMPANY; RONALD MATHISON, INDIVIDUALLY, AND D/B/A GOLDEN EAGLE TRANSPORTATION; U-HAUL INTERNATIONAL, INC.; U-HAUL CO. OF ARIZONA; AND GENERAL MOTORS CORPORATION.

Defendants.

**JURY TRIAL DEMANDED**

Civil Action No: 1:08-cv-01197-JDB

**SEPARATE ANSWER OF GENERAL MOTORS CORPORATION**

Defendant General Motors Corporation ("GM"), for its Separate Answer to plaintiffs' Complaint herein, states as follows:

1. GM denies all of the allegations contained in plaintiffs' Complaint, except those allegations which are herein after specifically admitted or otherwise responded to.

**JURISDICTION AND VENUE**

2. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

3. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

4. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

5. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

6. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

7. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

8. In response to the allegations contained in Paragraph 7 of the Complaint, GM states that it is a Delaware corporation with its principal place of business in the State of Michigan. GM admits that it distributes motor vehicles to authorized dealers, some of which are located in Tennessee. GM denies that it otherwise "does business" in the state of Tennessee.

9. In response to the allegations contained in Paragraph 8 of the Complaint, GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' use of the subject truck. In addition, GM is not able to identify the subject truck, because plaintiffs have not provided a vehicle identification number in the Complaint. GM denies that the subject truck was defective at the time it left the possession of GM, and that it caused personal injuries and damages to plaintiffs.

10. In response to the allegations contained in Paragraph 9 of the Complaint, GM admits that it is subject to jurisdiction in Tennessee courts. GM admits that it manufactures GMC trucks in part. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

## FACTS

11. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

12. In response to the allegations contained in Paragraph 11 of the Complaint, GM admits that it designed in part, manufactured in part and distributed 2006 GMC trucks. However, GM is not able to identify the subject truck, because plaintiffs have not provided a vehicle identification number in the Complaint. GM denies the remaining allegations contained in Paragraph 11 of the Complaint.

13. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

## CAUSES OF ACTION

14. GM denies the allegations contained in Paragraph 13 of the Complaint, insofar as those allegations pertain to GM.

15. GM denies the allegations contained in Paragraph 14 of the Complaint.

16. GM denies the allegations contained in Paragraph 15 of the Complaint.

17. GM denies the allegations contained in Paragraph 16 of the Complaint.

18. GM denies the allegations contained in Paragraph 17 of the Complaint.

19. GM denies the allegations contained in Paragraph 18 of the Complaint.

20. GM denies the allegations contained in Paragraph 19 of the Complaint, including the allegations contained in sub-parts (a) through (e) of Paragraph 19. GM is not able to identify the subject truck, because plaintiffs have not provided a vehicle identification number in the Complaint.

21. GM denies the allegations contained in Paragraph 20 of the Complaint, insofar as

those allegations pertain to GM.

22. GM denies the allegations contained in Paragraph 21 of the Complaint, insofar as those allegations pertain to GM.

23. GM denies the allegations contained in Paragraph 22 of the Complaint.

24. GM states that the allegations contained in Paragraph 23 of the Complaint, including the allegations contained in sub-parts (a) through (i) of Paragraph 23, are directed to other defendants and do not require a response by GM. To the extent that a response is required by GM, GM denies the allegations.

**OTHER COUNTS RELATIVE TO DEFENDANTS**

25. GM denies the allegations contained in Paragraph 24 of the Complaint, insofar as those allegations pertain to GM.

26. GM denies the allegations contained in Paragraph 25 of the Complaint, insofar as those allegations pertain to GM.

27. GM denies the allegations contained in Paragraph 26 of the Complaint, insofar as those allegations pertain to GM.

**RECKLESS AND WANTON CONDUCT**

28. In response to the allegations contained in Paragraph 27 of the Complaint, GM admits that it is obligated to refrain from conduct that is reckless and wanton. GM denies, however, that it breached these duties or any other duties applicable to plaintiffs' claims.

29. GM denies the allegations contained in Paragraph 28 of the Complaint.

30. GM denies the allegations contained in Paragraph 29 of the Complaint.

31. GM denies the allegations contained in Paragraph 30 of the Complaint, insofar as those allegations pertain to GM.

32. GM states that the allegations contained in Paragraph 31 of the Complaint, are directed to other defendants and do not require a response by GM. To the extent that a response is required by GM, GM denies the allegations.

33. GM denies the allegations contained in Paragraph 32 of the Complaint, insofar as those allegations pertain to GM.

34. GM denies the allegations contained in Paragraph 33 of the Complaint, insofar as those allegations pertain to GM.

**OTHER FACTS UPON WHICH CLAIMS AGAINST THE DEFENDANTS ARE BASED**

35. GM denies the allegations contained in Paragraph 34 of the Complaint, including the allegations contained in sub-parts (a) and (b) of Paragraph 34, insofar as those allegations pertain to GM.

36. GM denies the allegations contained in Paragraph 35 of the Complaint, insofar as those allegations pertain to GM.

**CORPORATE LIABILITY AND CONSPIRACY**

37. In response to the allegations contained in Paragraph 36 of the Complaint, GM denies the allegations insofar as the allegations pertain to GM.

**PROXIMATE CAUSE**

38. In response to the allegations contained in Paragraph 37 of the Complaint, GM denies the allegations insofar as the allegations pertain to GM.

**INJURIES AND DAMAGES**

39. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint. GM denies that it is responsible for any of plaintiffs' claimed damages.

40. GM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint. GM denies that it is responsible for any of plaintiffs' claimed damages.

**PUNITIVE RELIEF SOUGHT**

41. GM denies the allegations contained in Paragraph 40 of the Complaint.

42. GM denies the allegations contained in Paragraph 41 of the Complaint, insofar as those allegations pertain to GM.

**COMPENSATORY RELIEF SOUGHT**

43. In response to the allegations contained in the unnumbered Paragraph under the caption "Compensatory Relief Sought," GM denies the allegations.

**AFFIRMATIVE DEFENSES**

44. GM alleges that plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

45. GM alleges that it cannot identify the truck that is the subject of plaintiffs' Complaint, because plaintiffs have not provided a vehicle identification number in the Complaint.

46. GM alleges that any loss, damage, or injury which plaintiffs may have sustained as alleged in plaintiffs' Complaint may have been caused or contributed to by Plaintiffs' own negligence, fault or carelessness. If the proof supports this defense, plaintiffs' recovery, if any, should be diminished or barred in accordance with law.

47. GM alleges that any loss, damage, or injury which plaintiffs may have sustained as alleged in the Complaint was caused or contributed to by the negligence or other wrongful

acts or omissions of persons, corporations, or entities other than GM, over whom GM exercised no control and for whose acts or omissions GM is neither responsible nor liable.

48. In their Complaint, plaintiffs allege that the other defendants negligently caused plaintiffs' alleged damages. Therefore, GM, without contending that the other defendants negligently caused any alleged injuries, but pleading in the alternative, preserves and relies on the doctrine of comparative fault as to the other defendants and/or nonparties on the grounds that plaintiffs allege that the other defendants negligently caused plaintiffs' alleged damages; and these allegations are incorporated herein if and to the extent such allegations are proven. In the event that any of the other defendants should become a non-party prior to the trial through dismissal or otherwise, the doctrine of comparative fault is pled as to such non-party so that the jury can assign or apportion fault, if proven, to such non-party. GM reserves the right to amend this Answer to allege the fault of any other person or entity after the discovery process.

48. GM alleges that the subject truck may have been altered, modified, maintained improperly or used abnormally after the time it left GM's possession.

49. GM alleges that plaintiffs' conduct was the sole cause of any injury or damages incurred by plaintiffs.

50. GM alleges that plaintiffs failed to mitigate their damages.

51. GM alleges that plaintiffs' claims may be barred in whole or in part by applicable statutes of limitation. If the proof supports this defense, GM relies on the applicable statutes of limitation.

52. GM alleges that the subject truck and all of its components were within the state of the art at the time it left the possession of General Motors.

53. GM alleges that the subject truck and all of its components were manufactured and assembled in compliance with all applicable standards and government regulations.

54. To the extent that plaintiffs have pleaded a cause of action for fraud, they have not done so with the particularity required by F.R.C.P. 9(b).

55. GM alleges that it is entitled to the benefit of all defenses available under the Tennessee Products Liability Act of 1978.

56. GM alleges that plaintiffs'claim for punitive damages must be bifurcated as mandated by *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992).

57. If permitted, plaintiffs' claim for punitive damages is limited and restricted by the holding of the United States Supreme Court in the case of *State Farm Mutual Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

58. GM alleges that Tennessee law with respect to punitive damages is vague and, therefore, the imposition of punitive damages in this case would violate GM's constitutional rights under the due process clause of the Fourteenth Amendment of the United States Constitution and the due process provisions of Tennessee's Constitution.

59. GM alleges that plaintiffs cannot recover punitive damages from GM, as Tennessee's law concerning punitive damages and Tennessee's application of that law violates the due process clause of the fourteenth Amendment of the United States Constitution and the due process provisions of Tennessee's Constitution.

60. GM alleges that because Tennessee's application of punitive damages law is void and violates the due process clause of the Fourteenth Amendment of the United States Constitution and Tennessee's Constitution, this Court cannot submit the issue of punitive damages to the jury even if the evidence otherwise warrants such submission (although GM

denies there are facts that warrant the submission of the issue of damages to the jury as to GM).

61. In regard to Plaintiffs' claim for punitive damages, GM avers that the imposition of punitive damages against it under the law of Tennessee concerning punitive damages and the law in Tennessee in applying that law would violate its rights not only under the due process clause, but also the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and/or the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution, and also the provisions of the Tennessee Constitution providing for due process, equal protection and guarantee against double jeopardy.

62. If the proof shows that plaintiffs' claims are extinguished by the Tennessee statue of repose applicable to product liability claims, GM relies on the statute of repose as a defense.

WHEREFORE, Defendant General Motors Corporation demands judgment dismissing plaintiffs' Complaint with prejudice, awarding General Motors Corporation its costs and disbursements, and for such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Defendant General Motors Corporation requests a trial by jury.

Dated: August 18, 2008.

RAINEY, KIZER, REVIERE & BELL, PLC

s/ Marty R. Phillips (BRP No. 14990
Michelle Sellers (BRP No. 20769)
105 S. Highland Avenue
Jackson, TN 38302-1147
Telephone: (731) 423-2414
Facsimile: (731) 426-8111
email: mphillips@raineykizer.com
email: msellers@raineykizer.com

*and*

Mary E. Bolkcom (*pro hac vice* to be filed)
Lezlie Ott Marek (*pro hac vice* to be filed)
HANSON MAREK BOLKCOM & GREENE, LTD.
527 Marquette Avenue-Suite 2300
Minneapolis, MN 55402
Telephone: (612) 342-2880
Facsimile: (612) 342-2880
email: mbolkcom@hmbglaw.com
email: lmarek@hmbglaw.com

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served, via the method(s) indicated below, on the following counsel of record, this the 18th day of August, 2008.

( ) Hand
( ) Mail
( ) Fax
( ) Fed. Ex.
(X) EFS

Lisa June Cox (BPR #010757)
The Law Offices of Lisa June Cox
1626 Hollywood Drive
Jackson, TN 38305
*Attorney for Plaintiffs*

John Randolph Bibb, Jr. (BPR #09350)
Waller, Lansden, Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8630

Stephen G. Strauss
Randy J. Soriano
Bryan Cave LLP
211 N. Broadway, Ste. 3600
St. Louis, MO 63102
(314) 259-2000

*Attorneys for Defendant Golden Eagle Transportation*

This the 18th day of August, 2008.

s/Marty R. Phillips