IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HAGEN and wife, ) <br> DALE HAGEN, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> U-HAUL CO. OF TENNESSEE; ) <br> KEITH O'BRIEN, INDIVIDUALLY, AND ) <br> D/B/A WEST TENNESSEE MOVING ) <br> COMPANY; RONALD MATHISEN, ) <br> INDIVIDUALLY, AND D/B/A GOLDEN ) <br> EAGLE TRANSPORTATION; U-HAUL ) <br> INTERNATIONAL, INC.; U-HAUL CO. OF ) <br> ARIZONA; AND GENERAL MOTORS ) <br> CORPORATION. ) <br>   ) <br> Defendants. ) | Case No: 1:08-cv-01197-JDB <br> JURY TRIAL DEMANDED |

## GENERAL MOTORS CORPORATION'S MOTION FOR DISCOVERY SANCTIONS AND FOR DISMISSAL FOR FAILURE TO PROSECUTE

General Motors Corporation ("GM"), by and through its counsel, HANSON MAREK BOLKCOM & GREENE, LTD., and RAINEY, KIZER, REVIERE & BELL, PLC, moves this Honorable Court for an order: (1) imposing sanctions for Plaintiff's failure to respond to discovery, pursuant to Fed. R. Civ. P. 37(d); (2) granting GM's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(c) [D.E. 30]; (3) for dismissal pursuant to Fed. R. Civ. Proc. 41(b), for Plaintiffs' failure to prosecute; and (4) awarding GM its expenses incurred in these motion proceedings. In support of its Motions, GM states as follows:

## Introduction and Factual Background

1.     This is a products liability action in which Plaintiffs seek recovery for damages Mr. Hagen allegedly suffered as a result of carbon monoxide exposure that took place on a moving trip from Clearbook, Minnesota to Springville, Tennessee, between June 11 and June 16, 2007. Plaintiffs' conduct of the case in this Court has been characterized from the start by delay, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, failure to obey the Court's Orders, and failure to respond to Defendants' motions and correspondence.

2.     Plaintiffs filed this action in the Henry County, Tennessee Circuit Court on June 9, 2008, alleging that GM and other Defendants were liable for injuries suffered in connection with the June 11th, 2007 rental of a 2006 White GMC 26' Super Mover truck, model C5C042 from Golden Eagle Transportation in Minnesota.[1] The action was removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1332 on August 14, 2008. The Complaint purports to allege claims of fraud, conspiracy, product liability, negligence, and breach of express warranty against GM.

3.     On November 28, 2008, this Court issued its Scheduling Order requiring the service of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on or before December 18, 2008 [D.E. 15]. Plaintiffs did not provide the required disclosures to GM by December 18, 2008, or otherwise communicate with the Court or counsel regarding their lateness. On January 8, 2009, counsel for GM wrote to Plaintiffs' counsel, requesting Plaintiffs' overdue initial 26(a)(1) disclosure. See Exh. 2 to Affidavit of Mary E. Bolkcom at ¶2 ("Bolkcom Aff.").

---

[1] Upon information and belief, it appears that the Vehicle Identification Number for the vehicle is 1GDG5C1G36F904259. If the VIN number is correct, it applies to an incomplete cab-chassis 2006 General Motors Series 5500 medium duty truck, equipped with an eight cylinder, 8.1 L gasoline engine, and a single horizontal exhaust system. GM did not design or manufacture the 2006 U-Haul 26' Super Mover. GM may have manufactured the incomplete cab-chassis for the vehicle at issue. The incomplete cab-chassis would have been designed and manufactured to U-Haul specifications and is unique to U-Haul. The incomplete cab-chassis would have been subject to final design, manufacturing and assembly by one or more second stage manufacturers chosen by U-Haul. See Exh. 1, at 1-2 to Affidavit of Mary E. Bolkcom.

2

4. On January 28, 2009, GM's counsel Rainey, Kizer, Reviere & Bell, PLC. received Plaintiffs' initial 26(a)(1) disclosures. These disclosures were undated and unsigned, and no certificate of service accompanied the disclosures. These disclosures were not served on GM counsel Mary E. Bolkcom and Lezlie Ott Marek at all, and they failed to include the information required by Rule 26(a)(1)(A). See Bolkcom Aff. at ¶3 and Exh. 3.

5. On February 12, 2009, GM's counsel wrote to Plaintiff detailing the inadequacies in Plaintiff's Initial Disclosures. See Bolkcom Aff, Exh. 3. On February 18, 2009, Plaintiffs finally provided their signed and responsive Rule 26(a)(1) initial disclosures to GM, a full two months after the due date.

6. On January 29, 2009, GM served its First Set of Interrogatories and First Requests For Production of Documents on Plaintiffs. Bolkcom Aff., Exh. 4. Plaintiffs' responses were due within 30 days of receipt, per Fed. R. Civ. Proc. 26, 33, and 34. The due date of March 3, 2009 came and passed without a response or any other communication from Plaintiffs. See Bolkcom Aff., Exh. 5.

7. On February 5, 2009, Plaintiffs filed a motion styled, "Motion To Extend Joining Parties, Amending Pleadings and Initial Motions to Dismiss Deadlines, and Also Expert Disclosure Deadlines, Including Rule 26 Supplementation Deadlines [D.E. 18]." Defendants Ronald Mathisen, Golden Eagle Transportation And U-Haul International, Inc. filed their Opposition to this Motion on February 11, 2009 [D.E. 19]. Plaintiffs' attorneys had never consulted with opposing counsel regarding their motion, as required by the Local Rules, and Plaintiffs' Motion was denied on February 20, 2009 [D.E. 29].

8. On March 3, 2009, GM filed its Motion to Dismiss Plaintiffs' Claims of Fraud, Conspiracy, and Breach of Express Warranty pursuant to Fed. R. Civ. Proc. 12(c) [D.E. 30].

Plaintiffs' Response was due within 15 days after service, pursuant to Local Rule 7.2(a)(2). Plaintiffs have not filed a response to GM's motion or communicated with GM's counsel regarding the Motion. See Bolkcom Aff. ¶ 7.

9. On March 4, 2009, Defendants Ronald Mathisen, Golden Eagle Transportation And U-Haul International, Inc. filed their Motion to Dismiss Plaintiffs' Claims of Breach of Warranty [D.E. 31]. Plaintiff's Response was due within 15 days after service, pursuant to Local Rule 7.2(a)(2). Plaintiffs have not filed a response to this Motion.

10. On March 10, 2009, GM's counsel wrote to Plaintiffs' counsel requesting Plaintiffs' overdue discovery responses. See Bolkcom Aff., Exh. 5. Plaintiffs' counsel did not respond. See Bolkcom Aff. ¶ 7.

11. On March 25, 2009, GM's counsel wrote to Plaintiffs' counsel again, stating that there had been no response to GM's March 10, 2009 letter, and again requesting Plaintiffs' overdue responses to GM's discovery. See Bolkcom Aff., Exh. 6. In this letter, GM's Counsel also pointed out that the Plaintiffs' medical records, provided in Plaintiffs' tardy Rule 26(a)(1)(A) initial disclosures, reveal statements by the plaintiffs that attribute his claimed injuries to a fire in his portable oxygen generator he uses to treat his severe Chronic Obstructive Pulmonary Disease (COPD). See Bolkcom Aff., Exh. 7. Ms. Bolkcom's letter goes on to state that the only appropriate thing for Plaintiffs' to do is to dismiss the action. See Bolkcom Aff., Exh. 6. Plaintiffs' counsel did not respond to this letter, and still has not responded to GM's discovery or to any of GM's counsel's letters. See Bolkcom Aff. ¶¶ 7-8.

## Jurisdiction

12. Jurisdiction is based on 28 U.S.C. § 1332, in that Plaintiffs are citizens of

Tennessee, while all of the remaining defendants are citizens of other states,[2] and the amount in controversy exceeds $75,000. This Court has previously ruled that removal was proper pursuant to 28 U.S.C. §§ 1441. See Order, January 28, 2009 [D.E. 17].[3]

## MOTIONS AND ARGUMENT

A.  Plaintiffs Should Be Sanctioned For Their Failure To Respond To Discovery

13.  If a party fails to serve its answers, objections, or written response to properly served discovery, the court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

14.  Courts should consider four factors in deciding to impose sanctions pursuant to Rule 37(d): (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)).

15.  Plaintiffs' persistent failure to respond to GM's discovery requests has severely prejudiced GM. GM cannot conduct further investigation and discovery or prepare its defense without the basic information about the case sought in its discovery requests. Plaintiffs' responses to GM's appropriate discovery requests are long overdue. Plaintiffs have not responded to GM's counsel's repeated efforts to obtain these responses without court intervention, showing Plaintiffs' refusal to cooperate in the consultation required by Local Rule

---

[2] Golden Eagle Transportation is a Minnesota corporation with its principal place of business in Minnesota; Ronald Mathisen (incorrectly named as "Ronald Mathison") is a citizen of Wyoming; U-Haul International is a Nevada corporation with its principal place of business in Arizona; General Motors Corporation is a Delaware corporation with its principal place of business in Michigan. See Notice of Removal [D.E. 1].

[3] Three original Defendants, alleged to be citizens of Tennessee, were dismissed as fraudulently joined. See Order, January 28, 2009 [D.E. 17] at 29.

5

7.2(a)(1)(B). There is no excuse for forcing GM to engage in expensive motion practice just to obtain responses to basic interrogatories and document production requests. Plaintiffs' conduct shows that their failure to respond is willful. See Smith v. Athens Distrib. Co., 2008 U.S. Dist. LEXIS 86561 (W.D. Tenn. Aug. 25, 2008) (plaintiff's failure to respond to discovery requests in the nearly five months preceding defendant's motion for sanctions showed willful failure to respond), Magistrate Judge's ruling adopted at 2008 U.S. Dist. LEXIS 79820 (W.D. Tenn. Oct. 6, 2008). Here, Plaintiffs' persistent failure to comply with deadlines and respond to disclosure and discovery requests has been evident for months, and severe sanctions are appropriate.

B.  Defendants' Rule 12(c) Motions Should Be Granted As Unopposed

16. GM moved for dismissal of Plaintiffs' claims for Fraud, Conspiracy, and Breach of Express Warranty on March 3, 2009 [D.E. 30]. Plaintiffs' response was due on March 23, 2009,[4] but Plaintiffs have neither responded nor communicated with defense counsel regarding their failure. GM's Motion is well taken and should be granted, as shown by the face of the Complaint and GM's motion papers.

C.  This Case Should Be Dismissed For Plaintiffs' Failure To Prosecute

17. Fed. R. Civ. Proc. 41(b) provides that if the plaintiff fails to prosecute or comply with the rules of procedure or a court order, a defendant may move to dismiss the action. Courts look to four factors for guidance in determining whether such dismissal is appropriate: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. See Knoll v. AT&T, 176 F.3d 359, 364

---

[4] This includes the 3-day extension of time to respond per Fed. R. Civ. Proc. 6(d) and the holiday extension of Rule 6(a)(3).

6

(6th Cir. 1999).

18.     Plaintiffs' failure to prosecute this case is willful, as shown by their persistent failure to respond to motions and communications from defendants and flagrant disregard for the Court's scheduling orders and Local Rules.  Plaintiffs have repeatedly failed to respond to communications from GM regarding tardy discovery, missed deadlines for serving disclosures, failed to abide by the Court's Scheduling Order and Local Rules, and failed to respond to the Defendants' motions to dismiss pursuant to Fed. R. Civ. Proc. 12(c).  Even GM's March 25, 2009 letter, which asks Plaintiffs to show how their case can proceed in light of their medical records, has gone unanswered.  At a minimum, Plaintiffs should be ordered to show cause why this case should not be dismissed for failure to prosecute.  See Harmon v. CSX Transp., 110 F.3d 364, 378 (6th Cir. 1997) (affirming district court's dismissal of plaintiff's claim where plaintiff failed to respond to defendant's requests, ignored a court order, and did not respond to defendant's motion to dismiss).  Plaintiffs' lack of attention to their case has caused GM to waste time, money and effort in pursuit of cooperation which the plaintiffs are legally obligated to provide.  Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 738 (6th Cir. 2008) (internal citations omitted).

D.     GM's Should Be Granted Its Expenses Including Attorney Fees

19.     In addition to the sanctions described in Rule 37(b)(2)(A)(i)-(vi), the Court may require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure.  Fed. R. Civ. P. 37(d)(3).  Plaintiffs' persistent failure to respond to proper discovery requests, failure to answer defense counsel's letters and failure to respond to GM's Motion to Dismiss have required GM to file this motion.  The conduct of Plaintiffs and their attorneys is making this litigation unnecessarily time consuming and costly.  Accordingly, Plaintiffs or their attorneys should be required to pay GM's

7

reasonable costs and attorneys' fees incurred in these motion proceedings. See Fed. R. Civ. P. 37(a)(5)(A).

WHEREFORE, General Motors Corporation respectfully requests that this Court issue its orders: (1) granting GM's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d); (2) granting GM's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(c) [D.E. 30]; (3) granting GM's Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b); and (4) granting GM's motion for reasonable expenses including attorney fees incurred in making this Motion.

Dated: May 1, 2009.                    Respectfully submitted,

HANSON MAREK BOLKCOM & GREENE, LTD.

s/Mary E. Bolkcom
BY:   LEZLIE OTT MAREK
      MARY E. BOLKCOM
      527 Marquette Avenue, Suite 2300
      Minneapolis, MN 55402
      Telephone: (612) 342-2880
      Facsimile: (612) 342-2899
      email: lmarek@hmbglaw.com

      -and-

      Marty R. Phillips (BPR #14990)
      Michelle Sellers (BPR #20769)
      RAINEY, KIZER, REVIERE & BELL, PLC
      105 S. Highland Avenue
      Jackson, TN 38302-1147
      Telephone: (731) 423-2414
      Facsimile: (731) 426-8111
      email: mphillips@raineykizer.com

      **ATTORNEYS FOR DEFENDANT
      GENERAL MOTORS CORPORATION**